**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| **ERIN ROBINSON,**<br><br>**Plaintiff,**<br>**v.**<br><br>**PRUDENTIAL INSURANCE COMPANY OF AMERICA,**<br><br>**Defendant.** | **Civil Action No.** 3:25-CV-130-RGJ<br><br>**COMPLAINT** |

**INTRODUCTION**

1. This complaint seeks legal and equitable damages arising from and relating to a long-term disability insurance policy issued, insured, and underwritten by Defendant.

2. The headings contained in this complaint are intended only to assist in reviewing the statements and allegations contained herein. To avoid unnecessary repetition in each section, Plaintiff hereby affirms and incorporates each paragraph in each section of this complaint as though fully set forth therein.

3. The factual allegations found in this complaint are not exhaustive and are presented throughout this complaint so as to provide Defendant with the requisite notice of the basis for Plaintiff's allegations.

**JURISDICTION & VENUE**

4. This Court has subject matter jurisdiction over the claims asserted in this action for monetary and equitable relief under Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1) and § 1132(f).

5. Venue is appropriate in the United States District Court for the Western District

of Kentucky pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391.

## PARTIES

6. Plaintiff Erin Robinson ("Ms. Robinson") is a citizen of the United States and an insured participant under the long-term disability insurance policy ("LTD Policy") at issue in this lawsuit.

7. Defendant Prudential Insurance Company of America ("Prudential") is the insurer of the Policy at issue in this lawsuit.[1] Prudential does business as an admitted insurer in the Commonwealth of Kentucky. Prudential is incorporated in New Jersey with a principal office address of 751 Broad Street, Newark, NJ 07102. Prudential's registered agent for service of process in Kentucky is CT Corporation System, 306 West Main Street Suite 512 Frankfort, KY 40601.

## FACTS

8. Ms. Robinson is insured under the LTD policy issued and underwritten by Prudential.

9. Ms. Robinson ceased work in February 2023 because of the limitations resulting from her disabling conditions and corresponding treatment regimen.

10. Ms. Robinson timely applied for short-term disability ("STD") benefits provided through her employer and administered by Prudential.

11. On February 27, 2023, Prudential approved Ms. Robinson's STD claim.

12. When her STD claim was nearing maximum duration, by later dated March 29, 2023, Prudential advised Ms. Robinson it was initiating a review of her claim for LTD benefits.

---

[1] The LTD Policy lists "The Prudential Insurance Company of America," as the insurer, but the Kentucky DOI and NAIC confirm the company name is "Prudential Insurance Company of America." *See* https://insurance.ky.gov/ppc/Company/INDetail.aspx?LookupVal=300784; https://sbs.naic.org/solar-external-lookup/lookup/company/summary/99306929?jurisdiction=NJ.

13. On July 31, 2023, Prudential denied Ms. Robinson's claim for LTD benefits and terminated her STD benefits effective April 30, 2023.

14. Ms. Robinson timely appealed Prudential's decision.

15. Prudential upheld its prior decision and denied Ms. Robinson's appeal by letter dated May 1, 2024.

16. On July 16, 2024, Ms. Robinson timely filed a second appeal of Prudential's decision.

17. Prudential again upheld its prior decision and denied Ms. Robinson's second appeal by letter dated September 7, 2024.

18. Ms. Robinson met the requirements of the LTD Policy necessary to receive monthly benefits.

19. In administering Ms. Robinson's claim, Prudential actively sought to deny her monthly benefits.

20. At all times relative hereto, Prudential has been operating under an inherent and structural conflict of interest because any disability benefits provided to Ms. Robinson are paid from Prudential's own assets with each payment depleting those same assets.

21. Prudential's corporate culture pressures claim personnel to terminate claims, as well as to deny appeals in order to reduce disability benefits it must provide.

22. Employees who save Prudential money by terminating or denying claims are more likely to be rewarded (e.g. with favorable employment reviews, promotions, raises, and bonuses) compared with those who do not.

23. The LTD Policy is subject to California law and, as such, any alleged

discretionary authority is void and unenforceable.[2]

24. Ms. Robinson has exhausted the administrative remedies.

25. Ms. Robinson's complaint is timely and is not otherwise time barred.

## CLAIMS

### A. Breach of Contract

26. The LTD Policy constitutes a written contract.

27. Prudential breached the terms of the LTD Policy by, among other things, improperly terminating Ms. Robinson's monthly disability benefits.

28. Prudential's breach of the LTD Policy damaged Ms. Robinson, not only in the loss of monthly benefits, but also in the loss of earnings on the disability benefits, the loss of opportunity, and the attorneys' fees and costs incurred.

29. 29 U.S.C. §§1132(a) is the enforcement mechanism permitting Ms. Robinson to enforce the contractual terms of the LTD Policy, to receive reinstatement and payment of past-due disability benefits, to obtain declaratory relief, and to obtain other appropriate equitable relief including, but not limited to, surcharge, make-whole relief, and disgorgement.

### B. Attorneys' Fees & Costs

30. As a result of Prudential's improper conduct, Ms. Robinson has incurred attorneys' fees and costs.

31. 29 U.S.C. §1132(g) is the enforcement mechanism permitting Ms. Robinson to recover her reasonable attorneys' fees and costs.

---

[2] *See e.g., Gallegos v. Prudential Ins. Co. of Am*., 2017 U.S. Dist. LEXIS 1051, at *9 (N.D. Cal. Jan. 3, 2017) ("Because the weight of authority is contrary to Prudential's arguments, the Court finds that California Insurance Code section 10110.6 applies to the plan here and voids any grant of discretionary authority.").

## PRAYER FOR RELIEF

32. Ms. Robinson requests the Court enter judgment in her favor and against Prudential on all claims asserted herein, to include legal and equitable relief as appropriate.

33. Ms. Robinson requests the Court to award reasonable attorneys' fees and costs.

34. Ms. Robinson requests the Court award pre- and post-judgment interest at greater of 12% or the rate earned by Prudential on the unpaid benefits.

35. Ms. Robinson requests the Court to award any and all other legal or equitable relief to which she may be entitled.

36. Ms. Robinson requests leave to amend his claims when and as necessary to ensure she receives substantial justice.

37. Ms. Robinson requests the Court deem her pleadings to conform to the evidence.

* * * * * * * * *

Respectfully submitted,

/s/ Andrew M. Grabhorn

**Grabhorn Law | Insured Rights®**

Michael D. Grabhorn, CLU ChFC (KBA 89842)
*m.grabhorn@grabhornlaw.com*
Andrew M. Grabhorn (KBA 96477)
*a.grabhorn@grabhornlaw.com*
2525 Nelson Miller Parkway, Suite 107
Louisville, Kentucky 40223
p: 502.244.9331
f: 502.244.9334

***Counsel for Plaintiff***